Case 4:24-cv-03495   Document 15   Filed on 04/25/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 25, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Zuhre Atay | § |
|    *Plaintiff,* | § |
| | § |
| v. | §   Civil Action H-24-3495 |
| | § |
| | § |
| United States Citizenship and | § |
| Immigration Services, et al. | § |
|    *Defendants.* | § |

## MEMORANDUM AND RECOMMENDATION

This case is brought under the Administrative Procedures Act (APA), 5 U.S.C. § 702, and the federal officer mandamus act (Mandamus Act), 28 U.S.C. § 1361. Plaintiff seeks a court order requiring the United States Citizenship and Immigration Services (USCIS) to promptly adjudicate Atay's asylum application. The case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 7. Pending before the court is Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or, Alternatively, for Summary Judgment. ECF No. 10. The court recommends that Defendant's motion be **GRANTED**, and that this this case be **DISMISSED WITH PREJUDICE**.

### *1. Background*

These facts are taken from Plaintiff's Complaint and Action in Mandamus, ECF No. 1.[1] Plaintiff filed her Form I-589

---

[1] Defendants included with the pending motion a declaration from Bryan Hemming. ECF No. 11. The court is not considering any facts outside of the pleadings and will not convert the motion to one for summary judgment. The court has not considered Hemming's declaration.

application for asylum on June 4, 2020. Under 8 U.S.C. § 1158(d)(5)(A)(ii), USCIS was required to schedule Plaintiff's initial interview within 45 days of her filing the application. Under 8 U.S.C. § 1158(d)(5)(A)(iii), USCIS was required to adjudicate the application within 180 days of filing. Despite these statutory deadlines, Plaintiff has not been interviewed, and her application remains pending nearly five years later. The delay has caused Plaintiff significant hardship and distress.

According to Plaintiff, in 2018, USCIS adopted a last in, first out policy for scheduling asylum interviews. Because Plaintiff filed her application while that system was in place, she contends that her interview should have been scheduled, and her application adjudicated "shortly after its filing." ECF No. 1 at 5.

In Count One of her Complaint, Plaintiff alleges that she has both a statutory right to apply for asylum as well as a statutory right to adjudication of that application. Because her application has not been adjudicated within the statutory timeframes described above, Plaintiff alleges that the USCIS has unreasonably delayed action on her application. She therefore seeks an order under the APA to compel the USCIS to adjudicate her application. In Count Two, for reasons identical to those set forth in Count One, Plaintiff seeks the same relief, but under the Mandamus Act.

In the pending motion, Defendants cite 8 U.S.C. § 1158(d)(7), which is titled "No private right of action," and states "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." According to Defendants, that statutory subsection precludes Plaintiff from obtaining any relief under either the APA or the Mandamus Act. Defendants seek dismissal for lack of subject matter jurisdiction and/or because Plaintiff has failed to

2

state a cause of action upon which relief may be granted. Alternatively, Defendants seek summary judgment.

### *2. Legal Standards*
#### *A. Rule 12(b)(1)*

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction has the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

Federal question jurisdiction requires that the civil action "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule in evaluating jurisdiction. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

"In federal question cases . . . 'where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible

3

exceptions . . . must entertain the suit.'" *Southpark Square Ltd v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). The two exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* (quoting *Bell*, 327 U.S. at 681–82). The "jurisdictional issue here is entirely separate from the question[] whether the complaint states a claim on which relief can be granted." *Id.* at 343 n.7.

### B. Rule 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). The pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory.").

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

4

U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Conclusory allegations "disentitle[] them to the presumption of truth." *Iqbal*, 566 U.S. at 681. It follows that the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

### 3. Analysis

The court first considers whether subject matter jurisdiction exists. The question is whether 8 U.S.C. § 1158(d)(7), which explicitly disavows any private right of action based on the timelines set forth in section 1158(d), also deprives the court of jurisdiction to consider whether agency action has been unreasonably delayed under 5 U.S.C. § 706(1). The related question is whether section 1158(d)(7) deprives the court of subject matter jurisdiction to consider a mandamus action under the facts of this case. Many courts have considered the question in this very context, and there is not a lot of agreement. The court concludes that subject matter jurisdiction exists under both the APA and the Mandamus Act; that the court should refrain from exercising

jurisdiction under the Mandamus Act; and that the cause of action under the APA should be dismissed for failure to state a claim.

In *Topuz v. Daum*, No. 4:23-cv-2431, 2024 WL 4282091, at *4 (S.D. Tex. Sept. 24, 2024), the court distinguished between an allegation of a private right of action under the 8 U.S.C. § 1158 and one under the APA. While there is no private right of action under 8 U.S.C. 1158(d) to enforce the timelines set forth therein, it does not follow that the court has no power under the APA to decide whether agency action has been unreasonably delayed. The court in *Topuz* explained that the complaint's reliance on 8 U.S.C. § 1158(d) was "in support of his allegation that the Secretary of DHS 'is responsible for the adjudication of asylum applications' filed properly, as the Plaintiff's was." *Topuz*, 2024 WL 4282091, at *4. The court concluded that the plaintiff's cause of action arose under the APA. *Id.* The same is true here. Plaintiff is seeking relief under the APA and is citing the immigration statute for the proposition that action on her petition has been unreasonably delayed. The court has jurisdiction. *Cf. Ahmed v. Bitter*, 727 F. Supp. 3d 630, 636 (S.D. Tex. 2024) (finding that subject matter jurisdiction existed in the context of an APA claim that the government had unreasonably delayed the adjudication of plaintiff's visa application); *Derick v. Jaddou*, No. 1-23-CV-00857, 2024 WL 3035626, at *4 (W.D. Tex. June 17, 2024) (concluding that the court had subject matter jurisdiction to consider an APA claim that the government had unreasonably delayed the adjudication of plaintiff's asylum application), *R&R adopted by*, 2024 WL 3282486 (W.D. Tex. July 2, 2024).

The court also has subject matter jurisdiction to consider Plaintiff's claim under the Mandamus Act. The court sees no principled difference between the analysis of subject matter jurisdiction over Plaintiff's APA claim and her Mandamus Act claim. *See Ahmed*, 727 F. Supp. 3d at 636 (finding subject matter

jurisdiction over Mandamus Act claims for the same reasons that subject matter jurisdiction existed for APA claims); *Derick*, 2024 WL 3035626, at *4 (same).

The court now turns to whether Plaintiff has stated a claim upon which relief may be granted. Plaintiff relies primarily on the deadlines set forth in 8 U.S.C. § 1158(d)(5)(A) to support the proposition that the delay in this case is unreasonable. As far as the court can tell, every court in this circuit to have considered this question has determined that the deadlines in § 1158(d)(5)(A) are discretionary and "aspirational." *Derick*, 2024 WL 3035626, at *3 (collecting cases).

Courts can compel agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1), but such a claim can proceed only where the plaintiff shows that the agency failed to take a discrete action that it is required to take. *Li v. Jaddou*, 2023 WL 3431237, at *1 (5th Cir. 2023) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). Plaintiff argues that the government is required to adjudicate her asylum application at some point, and that its failure to do so for nearly five years is sufficient to state a claim under the APA. ECF No. 13 at 5. There is a difference, however, between the right to have the application adjudicated and the right to have the application adjudicated on a particular timeline. *Cf. id.; Ayvali v. United States*, No. 1:23-CV-896-RP, 2024 WL 1319751, at *4 (W.D. Tex. Mar. 27, 2024).

There is no allegation in this case that the government is altogether refusing to adjudicate the application. The claim is that the government has unreasonably delayed adjudication. Plaintiff has pointed to no authority for the proposition that she has a clear right to have her application adjudicated on any particular timeframe. *Cf. Avali*, 2024 WL 1319751, at *4 (noting that the government acknowledged its duty to adjudicate plaintiff's asylum application at some point but holding that the court lacked

7

authority to compel the government to fulfill that duty on a specific timeline); *Derick*, 2024 WL 3035626, at *3 (same). Because the statutory timelines are merely aspirational and not binding on the government, and because Plaintiff has pointed to no other rule, regulation, or statute that provides a binding timeline for adjudication of asylum applications, the court lacks authority to compel the government to promptly act on Plaintiff's asylum application. Plaintiff has also failed to allege facts sufficient to show that her application has been placed behind other applications in violation of USCIS's own policies and procedures. To the extent that Plaintiff is arguing that the court should order USCIS to change its processing procedures, the court lacks authority to do so. *Id.*

The Mandamus Act confers jurisdiction on federal courts to compel an officer or employee of the United States to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy and is not available to review discretionary acts of agency officials. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Mandamus relief is appropriate only when (1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists. *Topuz*, 2024 WL 4282091, at *3. Plaintiff cannot show any of these factors. For the reasons stated above, Plaintiff does not have a clear right to relief, and the Defendant has no duty to act on a particular timeline. Moreover, the APA is a sufficient avenue for relief. *Jaraba v. Blinken*, 568 F. Supp. 3d 720, 731 (W.D. Tex. 2021) (concluding under similar circumstances that relief under the Mandamus Act would be duplicative of the cause of action under the APA, thus barring mandamus relief). For these reasons, while the court has jurisdiction to consider the Mandamus Act claim, the court should decline to exercise that jurisdiction. *Id.*

Because the court has confined its analysis to the pleadings only, Defendants' alternative motion for summary judgment should be denied.

### *4. Conclusion*

For the foregoing reasons, the court recommends that Defendant's Motion to Dismiss, ECF No. 46, be **GRANTED**, and that this case be **DISMISSED with prejudice**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on April 25, 2025.

_____
Peter Bray
United States Magistrate Judge